UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Katrina Nakinishi,

    **Plaintiff,**

v.

Commissioner of Social Security,

    **Defendant.**

Case No. 2:16-cv-988
Judge Michael H. Watson
Magistrate Judge Vascura

## OPINION AND ORDER

On December 14, 2017, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending that the Court overrule Plaintiff's Statement of Errors and affirm the Commissioner's decision. R&R, ECF No. 17. Plaintiff objected to the R&R. ECF No. 18. For the following reasons, the Court **OVERRULES** Plaintiff's objections, **AFFIRMS** and **ADOPTS** the R&R, and **DISMISSES** Plaintiff's Complaint.

### I. BACKGROUND

Plaintiff protectively filed for Social Security Disability Insurance benefits and Period of Disability benefits on April 26, 2013, alleging that she had been disabled since March 20, 2007. ALJ Decision, ECF No. 10-2, at PAGEID # 67. After her initial applications were denied, Plaintiff went before Administrative Law Judge ("ALJ") Irma J. Flottman for a hearing. *Id.* at PAGEID ## 82–110. On September 17, 2015, the ALJ issued an opinion denying Plaintiff benefits. *Id.* at PAGEID ## 56–71. Following the Appeals Council's denial of her request for

review, the ALJ's opinion became final on August 27, 2016. Appeals Council Decision, ECF No. 10-2, at PAGEID ## 51–53.

Plaintiff subsequently filed a timely Complaint for review in this Court pursuant to 42 U.S.C. § 405(g). The Magistrate Judge analyzed Plaintiff's Statement of Errors and recommended the Court affirm the Commissioner's decision. Plaintiff objected to the Magistrate Judge's recommendation.

Neither party objects to the Magistrate Judge's summary of the facts as set forth in her R&R. R&R 1–15, ECF No. 17. The Court consequently adopts the fact summary and repeats only those facts relevant to the resolution of Plaintiff's objections.

## II. STANDARD OF REVIEW

When a party objects to an R&R within the allotted time, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

It is well settled that, when objecting to an R&R, a party must make "specific written objections" to the magistrate judge's proposed findings and recommendations. Fed R. Civ. P. 72(b)(3). A general statement that the magistrate judge erred does not aid judicial efficiency, the purpose "for which the use of magistrates [was] authorized." *Howard v. Sec'y of Health & Human*

*Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *see also Holl v. Potter*, No. C-1-09-618, 2011 WL 4337038, at *1 (S.D. Ohio Sept. 15, 2011), *aff'd*, 506 F. App'x 438 (2012) ("Objections that merely restate arguments raised in the memoranda considered by the Magistrate Judge are not proper, and the Court may consider such repetitive arguments waived.").

Furthermore, in Social Security cases, the Court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to the proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)). In this context, "[s]ubstantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance . . . .'" *Rogers*, 486 F.3d at 421 (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). Put another way, "[s]ubstantial evidence exists when a 'reasonable mind might accept' the relevant evidence 'as adequate to support a conclusion.'" *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (quoting *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1997)).

### III. ANALYSIS

Plaintiff objects to the R&R on the basis that the Magistrate Judge failed to adequately address the ALJ's step two determination that Plaintiff's degenerative disc disease and spinal stenosis were not severe. Obj. 2–4, ECF No. 18. Plaintiff goes on to argue that this misclassification at step two was not harmless,

as the Magistrate Judge concluded, because the ALJ did not take her conditions into consideration when forming Plaintiff's RFC. Upon *de novo* review, the Court adopts the Magistrate Judge's conclusion in full.

With regard to the ALJ's step two determination, the Magistrate Judge explained that,

> At step two of the sequential evaluation process, Plaintiff bears the burden of proving the existence of a severe, medically determinable impairment that meets the twelve-month durational requirement. *See Jones v. Comm'r of Soc. Sec.*, 335 F.3d 469, 474 (6th Cir. 2003); *Griffith v. Comm'r [of Soc. Sec.]*, 582 F. App'x 555, 559 (6th Cir. 2014); *Harley v. Comm'r of Soc. Sec.*, 485 F. App'x 802, 803–04 (6th Cir. 2012). The United States Court of Appeals for the Sixth Circuit has construed a claimant's burden at step two as "a *de minimus* hurdle in the disability determination process." *Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988). The inquiry is therefore "employed as an administrative convenience to screen out claims that are 'totally groundless' solely from a medical standpoint." *Id.* at 863 (quoting *Farris v. Sec'y of Health & Hum. Servs.*, 773 F.2d 85, 90 n.1 (6th Cir. 1985)).

R&R 19, ECF No. 17.

During her step two analysis, the ALJ opined that:

The claimant has also alleged that other physical impairments cause her to be unable to work, such as back pain . . . (Exhibit 3E at 2). However, imaging of the claimant's spine shows only minimal degenerative changes (Exhibit 1F at 2 and 16F at 12) and none to mild canal stenosis or foraminal narrowing (Exhibit 6F at 61 and 25F at 30). Further, upon examination the claimant has been noted to have a normal range of motion throughout her back (Exhibit 10F at 2, 13F at 2, and 29F at 3 and 6) . . . . Because the claimant's back pain . . . [does] not cause a more than minimal limitation in the claimant's ability to perform basic work activities, the undersigned finds [it] to be nonsevere.

ALJ Decision, ECF No. 10-2, at PAGEID ## 69–70 (ellipses added to omit impairments not being considered on review).

Plaintiff objects on the basis that the ALJ's above-quoted step two analysis was incorrect because the ALJ failed to classify her degenerative disk disease as severe. To support this contention, Plaintiff first points to an MRI of the lumbar spine on September 11, 2007, which she states the ALJ did not consider.[1] Plaintiff does not explain, however, why the MRI was important or what evidence it contained. Without more explanation from Plaintiff as to how this September 2007 (or presumably August 2007) MRI could affect the outcome, the Court finds this argument too vague to warrant discussion. See Fed. R. Civ. P. 72(b)(2) (requiring "specific written objection[s] to the proposed findings and recommendations").

Next, Plaintiff argues that the ALJ erred by not citing the 2007 MRI and instead relying on a cervical and lumbar spine MRI from 2012. Obj. 2, ECF No. 18. To the extent Plaintiff is trying to argue that the ALJ erred when he

---

[1] A review of the record to which Plaintiff cites does not show than an MRI was performed on September 11, 2007. See August 21, 2007, MRI, ECF No. 10-7, PAGEID # 258–59. Rather, the page cited by Plaintiff, and the page before it, shows a MRI record dated August 21, 2007, detailing normal or mild findings. See id. The exact page cited by Plaintiff appears to be a summary, which notes: "[m]ultilevel degenerative changes and disk abnormalities described in detail above[;] [t]here is acquired spinal stenosis at L4-L5 secondary to a combination of factors." Id. at PAGEID # 259. There is a summary of the August 21, 2007, MRI dated Sept. 11, 2007, from Dr. Mullin. The Court will infer from this then, that Plaintiff was referencing the August 21, 2007, MRI of which a summary was prepared on September 11, 2007.

considered a later-dated MRI to document a degenerative disease, the Court finds such argument meritless. The ALJ was correct to have consulted the more recent MRI to determine the extent and progression of Plaintiff's disease, especially in light of the fact that this disease is degenerative in nature; thus, an MRI from 2012 would more accurately depict Plaintiff's condition at the time of her disability consideration than an MRI from five years prior.

Finally, Plaintiff contends that the ALJ misclassified Drs. Mullin's and Fowler's findings as "none to mild canal stenosis" despite the fact that "neither doctor stated none to mild stenosis in relation to the Plaintiff's lumbar spine." Obj. 2, ECF No. 18. Plaintiff further contends that as a result of this misclassification, the ALJ erred when making her step two determination. A review of the records in question partially confirm Plaintiff's assertion. Dr. Fowler's consultation with Plaintiff does indicate "moderate spinal canal stenosis, [and] moderate right and mild left neural foraminal narrowing at L4-L5." Dr. Fowler Mar. 18, 2013, Report, ECF No. 10-8, at PAGEID # 631. However, Dr. Fowler also notes that despite Plaintiff's reports of increased pain, "the MRI does not show any objective evidence of worsening pathology from her 2/15/2012 MRI." *Id.* Likewise, Dr. Mullin's report from September 11, 2007, analyzing the August 21, 2007 MRI, does state that Plaintiff "has stenosis at L4-5," but he also notes in the report that "[the MRI] showed minimal degenerative changes at C3-4, 4-5, and 5-6, [and] no canal stenosis or foraminal narrowing." Dr. Mullin Sept. 11, 2007, Report, ECF No. 10-7, at PAGEID # 256. Thus, Plaintiff is

correct that Dr. Fowler indicated some "moderate" findings rather than "none to mild" as the ALJ opined.

Even if the ALJ slightly misclassified Dr. Fowler's findings, however, the diagnosis or finding of a condition does not require the ALJ to classify the impairment as severe. *See Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) (finding that the "mere diagnosis [of a medical condition] . . . says nothing about the severity of the condition."). Rather, a severe impairment is found at step two when the impairment or combination of impairments "significantly limits [a plaintiff's] physical or mental ability to do basic work activities," 20 C.F.R. §§ 404.1520(c); 416.920(c), and which can be expected to "last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

In this case, the ALJ determined whether Plaintiff's degenerative disk disease impacted her ability to do basic work activities by considering the "minimal degenerative changes" documented by both Drs. Mullin and Fowler, ALJ Decision, ECF No. 10-2, at PAGEID # 69, and other doctors' findings of Plaintiff's resulting physical limitations, referencing that "claimant has been noted to have a normal range of motion throughout her back." *Id.* (citing Dr. Hanallah Report, ECF No. 10-8, at PAGEID # 545; Dr. Patel, ECF No. 10-8, at PAGEID # 555; and Dr. Todd, ECF No. 10-11, at PAGEID # 1027,1030). Thus, a *de novo* review of the ALJ's step two analysis demonstrates that despite the omission of "moderate" findings in Dr. Fowler's opinion, the ALJ's decision to classify

Plaintiff's degenerative disc disease as nonsevere was nonetheless supported by substantial evidence. Accordingly, Plaintiff's first objection is **OVERRULED**.

Plaintiff likewise objects to the Magistrate Judge's conclusion that any error in the ALJ's step two analysis would be harmless because the ALJ reasonably accounted for Plaintiff's degenerative disc disease symptoms in the RFC determination. R&R 26, ECF No.17. Plaintiff supports this contention by stating that the ALJ only considered symptoms as it related to her medial meniscus tear and degenerative joint disease. *Id.* Upon *de novo* review, the Court upholds the Magistrate Judge's conclusion.

A review of the record demonstrates the ALJ addressed all of Plaintiff's symptoms when forming the RFC. At the hearing, the ALJ asked Plaintiff *generally* how her all of her conditions to which she testified, including her degenerative disc disease, affected her and did not limit Plaintiff's response only as it related to her medial meniscus tear or degenerative joint disease. Hr'g Testimony, ECF No. 10-2, at PAGEID # 97. Then in the RFC analysis, the ALJ specifically referenced all of Plaintiff's purported limitations from her hearing testimony, including that she "could only walk for 10 to 15 minutes at a time; could only lift 10 pounds; had difficulties climbing stairs, could not kneel, could not crouch, and had difficulties sleeping through the night." ALJ Decision, ECF No. 10-2, at PAGEID # 72 (referencing Hr'g Testimony, ECF No. 10-2, at PAGEID ## 97–99).

In light of the consistency between the hearing testimony and the RFC analysis, the Court finds that the ALJ reasonably considered *all* of Plaintiff's symptoms when determining Plaintiff's RFC and accommodated them to the extent she found them to be credible in light of the other substantial evidence in the record. Thus, Plaintiff's contention, that the RFC could have been different if Plaintiff's degenerative disc disease were considered as severe, fails since the ALJ did consider her symptoms as they related to all her impairments, including the degenerative disc disease. *See Pompa v. Comm'r of Soc. Sec.*, 73 F. App'x 801, 803 (6th Cir. 2003) (upholding an ALJ's nonsevere finding at step two when he considered the claimant's impairments in the RFC assessment). As such, the Court agrees with the Magistrate Judge that any failure on the ALJ's part to classify Plaintiff's degenerative disc disease as severe was harmless error. Accordingly, Plaintiff's second objection is **OVERRULED**.

## IV. CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Plaintiff's objections, ECF No. 18, **AFFIRMS AND ADOPTS** the R&R, ECF No. 17, and **DISMISSES** Plaintiff's Complaint. The Clerk is **DIRECTED** to enter judgment in the Commissioner's favor and terminate this case.

IT IS SO ORDERED.

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**